UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIO VIRGEN | * | CIVIL NO. 6:15-0465 |
| VERSUS | * | JUDGE DOHERTY |
| CONRAD INDUSTRIES, INC., ET AL | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Pending before the undersigned for Report and Recommendation is the Motion of Impact Marine & Industrial Services, LLC ("Impact") to Dismiss Pursuant to Rule 12(b)(6) filed on June 9, 2015. [rec. doc. 11]. Plaintiff, Julio Virgen ("Virgen"), filed opposition on July 1, 2015. [rec. doc. 22]. Impact filed a reply on July 9, 2015. [rec. doc. 27]. Virgen filed a sur-reply on July 14, 2015. [rec. doc. 30]. Oral argument was held on July 15, 2015, after which I took the motion under advisement. [rec. doc. 31].

For the following reasons, I recommend that the motion be **DENIED**.

BACKGROUND

On February 27, 2015, Virgen filed this action alleging a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, on behalf of himself and similarly situated employees against Conrad Industries, Inc. and Conrad Aluminum, L.L.C. ("Conrad"). [rec. doc. 1]. In the Complaint, Virgen asserted that from approximately December 2012 to present, he worked at various times as a painter for Conrad at its boat construction facilities in Amelia and Morgan City, Louisiana. He alleges that while working for Conrad, he was never paid one-and-a-half times his regular hourly rate for all hours worked in excess of 40 hours per

workweek in violation of the FLSA.

Specifically, Virgen alleged that he was paid $21.00 per hour, and often worked 70 hours per week. Virgen asserted that Conrad never paid him, and never paid numerous other similarly situated employees, including painters, welders and metal cutters, one-and-a-half times their hourly rate for all hours worked in excess of 40 in a workweek. He further asserted that Conrad paid these employees by check. He argued that Conrad "willfully violated" plaintiffs' rights on under the FLSA because defendant "knew or showed reckless disregard" for the fact that their compensation practices violated FLSA. [rec. doc. 1, ¶¶ 14-18].

On April 16, 2015, Virgen filed a First Amended Collective Action Complaint in which he added Impact and National Contracting Services, LLC ("National") as defendants. [rec. doc. 5]. On June 26, 2015, Virgen filed a Second Amended Collective Action Complaint against Conrad, Impact, and M&M Group Inc. d/b/a National Contracting Service ("M&M"), in which he further delineated the conduct of the defendants.[1] [rec. doc. 17].

In the Second Amended Complaint, Virgen alleged that from approximately December 2012 to December 2014, he was employed by Conrad at three of its shipyards in St. Mary Parish, La., and performed general manual labor including, but not limited to, painting boats. [rec. doc. 17, ¶¶ 6-7]. Additionally, he asserted that Impact drug-tested him prior to commencing his employment and that Impact maintained an employment file on him. [rec. doc. 17, ¶¶ 17-18]. Virgen also pled that the paychecks he received for his employment bore

---

[1] Virgen agrees that he makes no claim for minimum wage violations under § 206 of the FLSA. [rec. doc. 22, p. 7].

the name "Impact Marine." [rec. doc. 17, ¶ 19]. He further stated that Impact determined his work schedule for his employment. [rec. doc. 17, ¶ 20].

On June 9, 2015, Impact filed the instant Motion to Dismiss. [rec. doc. 11].

## **STANDARD FOR MOTION TO DISMISS**

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1964-65 (citations, quotation marks, and brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice. *Id*.

## ANALYSIS

In the Motion to Dismiss, Impact argues that: (1) Virgen's Second Amended Complaint does not adequately state a claim under the FLSA for willful violations; thus, Virgen's claims for willful violations have prescribed, and (2) plaintiff has not sufficiently pled an employer-employee relationship between Impact and Virgen.

### Fair Labor Standards Act

The Fair Labor Standards Act sets a general minimum wage for employees engaged in commerce. 29 U.S.C. § 206(a)(1). Section 207(a) requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). The FLSA creates a cause of action for violations of provisions of the Act, which include the minimum wage and overtime provisions. 29 U.S.C. § 216(b).[2]

Section 216(b) of the FLSA permits a plaintiff to maintain such an action on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). A collective action affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482,

---

[2] In 2015, Congress proposed legislation to amend § 216.

486 (1989).

*Prescription*

Impact argues that Virgen's claims arising before February 27, 2013, that is, two years prior to the filing of this lawsuit, have prescribed because he has inadequately pled that defendant's conduct was intentional.

The applicable statute of limitations period under the FLSA is set forth in 29 U.S.C. § 255. *Lima v. International Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 802 (E.D. La. 2007). The action must commence within two years after the cause of action accrued if the violation is "unwillful." *Id*. However, if the violation is "willful," the cause of action must be commenced within three years after it accrued. *Id*. at 803. "Willful" means "that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *Id*. (*citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).

Here, Virgen filed the original Complaint on February 27, 2015. [rec. doc. 1]. In the Second Amended Complaint, he alleged that from December 2012 to December 2014, he was employed by defendants Conrad, Impact and M&M, at three shipyards in St. Mary Parish, La. [rec. doc. 17, ¶ 6]. He alleged that "during the past three years," he and other similarly situated employees performed services including, but not limited to, painting, metal cutting and/or general labor. [rec. doc. 17, ¶ 32]. He further alleged that defendants "willfully violated" plaintiffs' rights on under the FLSA because defendants "knew or showed reckless disregard" for the fact that their compensation practices violated FLSA. [rec. doc. 17, ¶ 31].

Based on the pleadings, as amended, the undersigned finds that Virgen has sufficiently pled a willful violation of his rights under the FLSA by Impact within three years of filing the Complaint. Accordingly, under § 255, his claims have not prescribed.

***Employer-Employee Relationship***

Impact contends that Virgen's Second Amended Complaint failed to adequately plead that Impact qualified as Virgen's employer under the FLSA.

An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res.* (CVR), Inc., 758 F.3d 627, 630 (5th Cir. 2014).

In the Second Amended Complaint, Virgen alleged that Impact drug-tested him prior to commencing his employment, and that Impact maintained an employment file on him. [rec. doc. 17, ¶¶ 17-18]. Virgen also asserted that the paychecks he received for his employment bore Impact's name. [rec. doc. 17, ¶ 19]. He further alleged that Impact determined his work schedule for his employment. [rec. doc. 17, ¶ 20].

Based on the record, affidavits, and plaintiff's pleadings, Virgen has adequately alleged that the required employer-employee relationship existed between him, as an employee, and Impact as employer. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Mejia v. Bros. Petroleum,*

*LLC*, 2015 WL 3619894, at *3 (E.D. La. June 9, 2015) (*citing* 29 U.S.C. § 203(d)). The definition of "employee" under the FLSA is a broad one. *Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008) (*citing Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)). The "economic reality" of the relationship, not merely what an employee is called, determines whether the necessary relationship exists. *Id*.

Here, the allegation that Impact drug-tested Virgen, maintained an employment file on him, issued paychecks to him drawn on the company's account and determined his work schedule, is clearly sufficient to allege the employment relationship. Thus, the undersigned finds that Virgen has adequately pleaded that Impact was his employer under the FLSA.

## **CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [rec. doc. 11] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS**

**FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

August 16, 2015, Lafayette, Louisiana.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE